1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

8   CARLOS OTERO,

9        *Petitioner*,                              2:11-cv-01902-PMP-RJJ

10  vs.                                             ORDER

11

12  BRIAN WILLIAMS, *et al.*,

13        *Respondents*.

14

15        This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review

16  under Rule 4 of the Rules Governing Section 2254 Cases.  The filing fee has been paid.  On

17  initial review, a substantial question exists as to whether the Petition is subject to dismissal

18  because none of the claims in the Petition were fairly presented to the state courts and

19  exhausted.  Petitioner therefore will be directed to show cause in writing why the Petition

20  should not be dismissed.

21                                      ***Background***

22        The allegations of the Petition along with the online docket records of the state district

23  court and the Supreme Court of Nevada reflect the following.[1]

24        Petitioner Carlos Otero seeks to set aside his Nevada state conviction, pursuant to a

25  guilty plea, of attempted robbery with the use of a deadly weapon, burglary with the use of a

26

27        [1] https://www.clarkcountycourts.us/Anonymous/default.aspx  (No. 08C241281-1)

28        http://caseinfo.nvsupremecourt.us/public/caseSearch.do (No. 57900)

1  deadly weapon, and conspiracy to commit robbery.  Petitioner did not pursue a direct appeal

2  from the March 3, 2009, judgment of conviction.

3      Petitioner thereafter filed a state post-conviction petition.  However, when the matter

4  came on for an evidentiary hearing on October 12, 2010, Petitioner withdrew the petition.  The

5  state district court, after canvassing Petitioner with regard to withdrawing the petition, granted

6  the motion.

7      Despite having withdrawn the petition, Otero thereafter appealed.  On September 15,

8  2011, the Supreme Court of Nevada dismissed the appeal on the following grounds:

9          The record before this court reveals that appellant orally
           requested that his petition be withdrawn at an evidentiary hearing
10         held on October 12, 2010.  The district court granted this request
           in an order on October 23, 201, and filed the notice of entry of
11         order on February 11, 2011.  Because appellant requested that
           his petition be withdrawn, he is not an aggrieved party and he
12         failed to designate an appealable order.  Therefore we

13         ORDER this appeal DISMISSED.

14  *September 15, 2011 Order Dismissing Appeal in No. 57900.*  The remittitur issued on October

15  12, 2011.

16      On or about November 17, 2011, Petitioner mailed the Petition in this matter to the

17  Clerk of this Court for filing.

18                          ***Governing Law***

19      Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court

20  remedies on a claim before presenting that claim to the federal courts.  To satisfy this

21  exhaustion requirement, the claim must have been fairly presented to the state courts

22  completely through to the highest court available, in this case the Supreme Court of Nevada.

23  *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329

24  F.3d 1069, 1075 (9th Cir. 2003).  In the state courts, the petitioner must refer to the specific

25  federal constitutional guarantee and must also state the facts that entitle the petitioner to relief

26  on the federal constitutional claim.  *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir.

27  2000).  That is, fair presentation requires that the petitioner present the state courts with both

28  the operative facts and the federal legal theory upon which his claim is based.  *E.g., Castillo*

-2-

1   *v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).  The exhaustion requirement insures that the

2   state courts, as a matter of federal-state comity, will have the first opportunity to pass upon

3   and correct alleged violations of federal constitutional guarantees.  *See,e.g., Coleman v.*

4   *Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).  A petition

5   that is completely unexhausted is subject to immediate dismissal.  *See,e.g., Rasberry v.*

6   *Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th

7   Cir.2001).

8   ***Discussion***

9       Presenting a claim in a procedural context in which the merits of the claim will not be

10   considered, or will be considered only in special circumstances, does not constitute fair

11   presentation of the claim.  *See,e.g., Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056,

12   1060, 103 L.Ed.2d 380 (1989); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).

13       In the present case, Petitioner clearly has not presented his claims to the state courts

14   in a procedural context in which the merits of his claims would be considered.  The state

15   district court indisputably would not consider the merits of his claims after he voluntarily

16   withdrew his petition at the scheduled evidentiary hearing.  Nor would the Supreme Court of

17   Nevada consider the merits of Petitioner's claims on an appeal from a withdrawal of the state

18   petition that he himself sought.

19       Accordingly, even if this Court were to assume, purely *arguendo*, that the claims in the

20   federal petition are the same as the claims asserted originally in the state post-conviction

21   petition, those claims clearly have not been fairly presented to the state courts for decision

22   on the merits and exhausted.

23       Petitioner therefore must show cause why the Petition, in its entirety, should not be

24   dismissed without prejudice for complete lack of exhaustion as to any claim.

25       IT THEREFORE IS ORDERED that the Clerk of the Court shall file the Petition and

26   that, within thirty (30) days of entry of this order, Petitioner shall SHOW CAUSE in writing why

27   the Petition should not be dismissed without prejudice for lack of exhaustion.

28       / / / /

1        IT FURTHER IS ORDERED that, for each claim presented, if Petitioner maintains that

2   the claim is exhausted, he must attach copies of all state court filings wherein he maintains

3   that he exhausted the claim **through to the Supreme Court of Nevada in a procedural**

4   **context in which the merits of the claim would be considered.**  In this regard, if Petitioner

5   maintains that the state court procedural history summarized in this order is incorrect, he shall

6   attach copies of the state court record materials that allegedly demonstrate that the summary

7   of the state court procedural history herein is incorrect.  The findings of the Supreme Court

8   of Nevada in that court's September 15, 2011, order in No. 57900 as to the procedural history

9   in that case are presumed to be correct unless Petitioner presents clear and convincing

10   evidence to the contrary.  Unsupported statements by Petitioner that are not supported by

11   copies of the relevant state court record materials do not constitute clear and convincing

12   evidence and will be disregarded.

13        If Petitioner does not timely respond to this order, the Petition will be dismissed without

14   further advance notice.  If Petitioner responds to this order but fails to demonstrate, with

15   specific reference to supporting state court filings, that the exhaustion requirement has been

16   satisfied, the Petition will be dismissed without prejudice for lack of exhaustion.

17        The Clerk shall send Petitioner a copy of the Petition with this order.[2]

18        DATED:  February 6, 2012.

                                             PHILIP M. PRO
                                           United States District Judge

---

[2]Nothing in this order signifies that the Petition otherwise is free of deficiencies.  Further, nothing herein signifies that a later federal petition would be timely.  A dismissal of the present Petition without prejudice for lack of exhaustion does not stop the running of the federal limitation period and does not preclude a later dismissal with prejudice of an untimely petition.