**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CARLOS OTERO,

    *Petitioner*,

vs.

BRIAN WILLIAMS, *et al.*,

    *Respondents*.

2:11-cv-01902-PMP-RJJ

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on Petitioner's motion (#6) for appointment of counsel, motion (#7) for transcripts, and motion (#8) for extension of time. The matter presently is pending on a *sua sponte* inquiry into whether the Petition is subject to dismissal because none of the claims in the Petition were fairly presented to the state courts and exhausted.

    On the transcript motion, it appears that a transcript of the October 12, 2010, proceeding that is the subject of the motion previously was prepared in the state district court. The Court will issue a limited response order to Respondents directing filing and service of a copy of the transcript and related state court record materials establishing for the record the relevant writ history pertinent to the show cause inquiry.

    On the extension motion, the Court will extend Petitioner's response deadline until thirty days after service of the above materials.

    On the counsel motion, the Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially

eligible habeas petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies within the discretion of the court; and, absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See, e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.1965).

In the present case, Petitioner has filed a prison form motion for appointment of counsel in a habeas matter where it appears, on the preliminary review conducted to date, that he has no exhausted claims. Nothing in the conclusory boilerplate motion presents specific facts, as opposed to formulaic recitals, that would warrant a finding that the interests of justice require the appointment of counsel in this particular case. Having reviewed the papers on file, the Court does not find that the interests of justice so require.

IT THEREFORE IS ORDERED that Petitioner's motion (#7) for transcripts is GRANTED IN PART, consistent with the remaining provisions of this order.

IT FURTHER IS ORDERED that the Clerk of the Court shall effect informal electronic service of this order upon Respondents in the customary manner and shall regenerate notices of electronic filing of the filings herein so that Respondents may be copied electronically with same. Respondents' counsel shall enter a notice of appearance by the response date for the records response directed herein.

IT FURTHER IS ORDERED that, within **forty-five (45)** days of entry of this order, **Respondents** shall file -- and serve upon Petitioner -- a set of exhibits with copies of:

    (a)     the minutes from the state district court;

    (b)     the state court judgment of conviction;

    (c)     the state post-conviction petition and all amendments and supplements thereto accepted for filing;

    (d)     the previously-prepared transcript from the October 12, 2010, state district court proceeding concerning the state petition;

    (e)     the state district court's written decision regarding the state petition;

       (f)    the notice of appeal;

       (g)    all papers accepted for filing by the Supreme Court of Nevada on the state post-conviction appeal setting forth claims and/or argument by Petitioner;

       (h)    the state supreme court's order regarding the appeal; and

       (i)    the remittitur.

IT FURTHER IS ORDERED that the exhibits shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibit(s) in the attachment. *Cf.* No. 3:06-cv-00129-LRH-VPC, ## 20-27. The purpose of this provision is so that the Court and any reviewing court thereafter will be able to determine from the face of the electronic docket sheet which exhibits are filed in which attachments. **Given the anticipated relatively small volume of the exhibits, there is no need to send a hard copy courtesy copy of the exhibits for this filing. No further response other than the above is required at this time from Respondents, as the matter remains under initial screening review.**

IT FURTHER IS ORDERED that Petitioner's motion (#8) for an extension of time is GRANTED IN PART such that Petitioner shall have up to and including **thirty (30) days** from service of the foregoing exhibits within which to mail a response to the prior order (#4) to show cause. If Petitioner does not timely respond to the order, the Petition will be dismissed without further advance notice. If Petitioner responds to the order but fails to demonstrate, with specific reference to supporting state court filings, that the exhaustion requirement has been satisfied, the Petition will be dismissed without prejudice for lack of exhaustion.

IT FURTHER IS ORDERED that Petitioner's motion (#8) for appointment of counsel is DENIED.

DATED: March 1, 2012.

_____
PHILIP M. PRO
United States District Judge

-3-