1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

8   CARLOS OTERO,

9       *Petitioner*,                            2:11-cv-01902-PMP-RJJ

10

11  vs.                                        ORDER

12  BRIAN WILLIAMS, *et al.*,

13      *Respondents*.

14

15         This habeas matter under 28 U.S.C. § 2254 comes before the Court following upon

16  a motion (#11) to dismiss filed by Respondents despite no such response being directed by

17  the Court's prior order.

18         On February 6, 2012, during initial screening, the Court directed Petitioner to show

19  cause why the Petition should not be dismissed for lack of exhaustion as to any claim.

20  Petitioner thereafter sought, *inter alia*, state court record materials and an extension of time

21  to respond.

22         The Court directed Respondents to file a response limited to the filing of designated

23  state court record materials and granted Petitioner an extension keyed to the filing date of the

24  record materials.  The Court's order clearly directed only the filing of state court record

25  materials with no other response being required.  The Court's order stated: **"No further**

26  **response other than the above [directive as to records production] is required at this**

27  **time from Respondents, as the matter remains under initial screening review."** #9, at

28  3 (bold emphasis in original).

1    Respondents nonetheless filed a motion to dismiss seeking dismissal based upon the

2    exhaustion defense that the Court already had raised *sup sponte*.  The filing of a motion to

3    dismiss resulted in the automatic generation of a form *Klingele* minute order, which set a

4    shorter response time for Petitioner than the Court's prior order.

5    The Court has plenary authority under Rule 4 of the Rules Governing Section 2254

6    Cases "to order the respondent to file an answer, motion, or other response . . . *or to take*

7    *other action [as] the judge may order.*" (emphasis added)

8    This is a busy court.  When Respondents file a "me, too" motion to dismiss that

9    parallels an existing *sua sponte* inquiry, it both clutters and complicates the record

10   unnecessarily.  For example, Petitioner now is presented with two conflicting statements as

11   to his response time, as the filing a motion to dismiss automatically generates a *Klingele*

12   minute order.  The motion to dismiss further incorrectly confuses the "good cause" standard

13   required to obtain a stay with the exhaustion requirement itself.

14   Respondents may *seek to* proceed differently than the response directed in an order

15   issued under the Court's plenary authority under Rule 4.  However, if Respondents wish to

16   proceed differently than directed under Rule 4, Respondents should seek reconsideration of

17   the prior order – not unilaterally file a response over and above the one directed.

18   If counsel for Respondents have the time to file "me, too" motions to dismiss that

19   duplicate a pending *sua sponte* inquiry, the Court will take that into account in considering

20   requests for extension of time as to responses that the Court *has* directed.

21   Moreover, if the Attorney General would prefer that the Court instead serve all habeas

22   petitions filed in this District for a response rather than conduct *sua sponte* screening inquiries

23   such as in the present case, the Court will consider such a stated request.  Before the Court

24   takes such a step, however, the Court will have an order served personally on the Attorney

25   General for a statement from her personally in this regard.  If counsel in the present case

26   would like for the Court to have such an order served personally upon the Attorney General,

27   he should reflect such a request in a motion for reconsideration of this order.  The Court

28   thereafter will have the Attorney General personally served for a statement in this regard.

1    Meanwhile, absent such a change in general procedure, the Court trusts that counsel

2  will read and follow the Court's orders.  The present motion to dismiss will be stricken as

3  improvidently filed.  In future, counsel should respond *as directed* or, if he wishes to proceed

4  differently from the Court's order, instead file a motion for reconsideration of the prior order.

5    IT THEREFORE IS ORDERED that Respondents' motion (#11) to dismiss is

6  STRICKEN as improvidently filed and the prior minute order (#13) is VACATED.

7    IT FURTHER IS ORDERED that Petitioner shall have until **May 16, 2012**, to mail to the

8  Clerk of the Court for filing a response to the Court's prior show cause order (#4) and shall

9  show cause why the Petition should not be dismissed as unexhausted.  Petitioner shall ignore

10  Respondents' motion to dismiss, which does not correctly state the governing law.  In order

11  to avoid dismissal, Petitioner must show that the claims in the petition *are exhausted*.

12  **Showing "good cause" for a failure to exhaust will not avoid dismissal if the Petition**

13  **is completely unexhausted.**   A petition that is completely unexhausted is subject to

14  immediate dismissal.  *See,e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006);

15  *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001).

16    If Petitioner does not timely respond to the order, the Petition will be dismissed without

17  further advance notice. If Petitioner responds to the order but fails to demonstrate, with

18  specific reference to supporting state court filings, that the exhaustion requirement has been

19  satisfied, the Petition will be dismissed without prejudice for lack of exhaustion.

20    DATED:  April 18, 2012.

21

22

23    _____
      PHILIP M. PRO
      United States District Judge
24

25

26

27

28

-3-