# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CARLOS OTERO,

    *Petitioner*,

vs.

BRIAN WILLIAMS, *et al.*,

    *Respondents*.

2:11-cv-01902-PMP-RJJ

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court following upon a motion (#11) to dismiss filed by Respondents despite no such response being directed by the Court's prior order.

    On February 6, 2012, during initial screening, the Court directed Petitioner to show cause why the Petition should not be dismissed for lack of exhaustion as to any claim. Petitioner thereafter sought, *inter alia*, state court record materials and an extension of time to respond.

    The Court directed Respondents to file a response limited to the filing of designated state court record materials and granted Petitioner an extension keyed to the filing date of the record materials. The Court's order clearly directed only the filing of state court record materials with no other response being required. The Court's order stated: **"No further response other than the above [directive as to records production] is required at this time from Respondents, as the matter remains under initial screening review."** #9, at 3 (bold emphasis in original).

1 Respondents nonetheless filed a motion to dismiss seeking dismissal based upon the exhaustion defense that the Court already had raised *sup sponte*. The filing of a motion to dismiss resulted in the automatic generation of a form *Klingele* minute order, which set a shorter response time for Petitioner than the Court's prior order.

The Court has plenary authority under Rule 4 of the Rules Governing Section 2254 Cases "to order the respondent to file an answer, motion, or other response . . . *or to take other action [as] the judge may order.*" (emphasis added)

This is a busy court. When Respondents file a "me, too" motion to dismiss that parallels an existing *sua sponte* inquiry, it both clutters and complicates the record unnecessarily. For example, Petitioner now is presented with two conflicting statements as to his response time, as the filing a motion to dismiss automatically generates a *Klingele* minute order. The motion to dismiss further incorrectly confuses the "good cause" standard required to obtain a stay with the exhaustion requirement itself.

Respondents may *seek to* proceed differently than the response directed in an order issued under the Court's plenary authority under Rule 4. However, if Respondents wish to proceed differently than directed under Rule 4, Respondents should seek reconsideration of the prior order – not unilaterally file a response over and above the one directed.

If counsel for Respondents have the time to file "me, too" motions to dismiss that duplicate a pending *sua sponte* inquiry, the Court will take that into account in considering requests for extension of time as to responses that the Court *has* directed.

Moreover, if the Attorney General would prefer that the Court instead serve all habeas petitions filed in this District for a response rather than conduct *sua sponte* screening inquiries such as in the present case, the Court will consider such a stated request. Before the Court takes such a step, however, the Court will have an order served personally on the Attorney General for a statement from her personally in this regard. If counsel in the present case would like for the Court to have such an order served personally upon the Attorney General, he should reflect such a request in a motion for reconsideration of this order. The Court thereafter will have the Attorney General personally served for a statement in this regard.

1  Meanwhile, absent such a change in general procedure, the Court trusts that counsel
2 will read and follow the Court's orders.  The present motion to dismiss will be stricken as
3 improvidently filed.  In future, counsel should respond *as directed* or, if he wishes to proceed
4 differently from the Court's order, instead file a motion for reconsideration of the prior order.

5  IT THEREFORE IS ORDERED that Respondents' motion (#11) to dismiss is
6 STRICKEN as improvidently filed and the prior minute order (#13) is VACATED.

7  IT FURTHER IS ORDERED that Petitioner shall have until **May 16, 2012**, to mail to the
8 Clerk of the Court for filing a response to the Court's prior show cause order (#4) and shall
9 show cause why the Petition should not be dismissed as unexhausted.  Petitioner shall ignore
10 Respondents' motion to dismiss, which does not correctly state the governing law.  In order
11 to avoid dismissal, Petitioner must show that the claims in the petition *are exhausted*.
12 **Showing "good cause" for a failure to exhaust will not avoid dismissal if the Petition**
13 **is completely unexhausted.**   A petition that is completely unexhausted is subject to
14 immediate dismissal.  *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006);
15 *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001).

16  If Petitioner does not timely respond to the order, the Petition will be dismissed without
17 further advance notice. If Petitioner responds to the order but fails to demonstrate, with
18 specific reference to supporting state court filings, that the exhaustion requirement has been
19 satisfied, the Petition will be dismissed without prejudice for lack of exhaustion.

20  DATED:  April 18, 2012.

_____
PHILIP M. PRO
United States District Judge